HARRY DANIELS *et al. vs.* SARAH AHARONIAN *et al.*

DECEMBER 22, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. After the filing of our opinion in this cause the respondents were given leave to file a motion for a

reargument. Later they filed what is rather a written reargument.

We have, however, given it careful attention and find that it presents for our consideration no contention which has not already been considered by us and dealt with in our opinion.

The respondents' counsel seems to rely mainly on the contention that the evidence in the cause showed clearly that the only remaining complainant, Harry Daniels, hereinafter referred to as the complainant, acted inequitably in inducing his mother to enter into an agreement with him for the sale by her to him, for a grossly inadequate price, of the assets of the business formerly belonging to his father.

The justice of the superior court before whom this cause was heard did not find that the complainant acted inequitably in the purchase of those assets from her, although the facts concerning it were introduced in evidence. Nor do we find any evidence which requires us to decide that he so acted. The most that the evidence indicates is that he did not perform certain obligations assumed by him in that agreement, including the obligation to pay a certain promissory note for $2500, which was held by a bank and was secured by the pledge of a savings deposit belonging to his mother. Whether such deposit was in fact applied to payment of such note, as the respondents claim, is not for us to determine in this cause.

The issue of how much he is indebted to her estate under the agreement is the issue in an action at law brought by her against him in her lifetime and which was still pending, when this instant cause was heard before us, and which may still be pending. In our opinion we stated that what he owes the estate of his mother under the agreement between them must be deducted from what he is entitled to receive from her net estate. We therefore find no reason for a

reargument based on the complainant's conduct in the matter of that agreement.

The respondents' counsel in his motion asserts that three cases cited in our opinion are not authority for the statement of law in support of which they were cited. These cases are *Carmichael* v. *Carmichael,* 72 Mich. 76, 40 N. W. 173; *Campbell* v. *Dunkelberger,* 172 Ia. 385, 153 N. W. 56; *Bower* v. *Daniel,* 198 Mo. 289, 95 S. W. 347.

Perhaps we did not make clear in our opinion just what was the equitable doctrine in support of which these cases were cited. It was that if, in an agreement for joint or mutual wills, it is provided that the survivor shall by will dispose of his property upon his death to certain beneficiaries in a certain way, he must not during his life "give away any considerable portions of it or do anything else with it that would be inconsistent with the spirit or the obvious intent and purpose of the agreement."

The respondents' counsel, in his motion, asserts that the first of these cited cases "is no authority for holding the wife could not freely convey the property in her lifetime." There the supreme court of Michigan found that there was a valid agreement between Charles Carmichael and his wife Ann for mutual wills, and that by her will, made under the agreement, she devised to him for life a tract of forty acres of land belonging to her and directed that upon his death it was to be divided equally among three of their six children, *viz.,* John, Delos and Matilda. The husband died first, without having revoked or changed his will, made in accordance with the agreement, and his wife received substantial benefits under it.

She later made a conveyance of the tract to others of the six children and received back a life lease thereof. John, Delos and Matilda then brought a suit in equity against the mother and the other children to have the conveyance

annulled, setting forth the facts above stated and alleging and proving that this conveyance had been obtained from the mother by the other respondents by fraud and undue influence. The lower court held that the complainants were not proper parties to the suit, because they had no such interest in the real estate as would entitle them to have the conveyance annulled for the fraud and undue influence.

But the supreme court held that they were such proper parties. In arriving at that conclusion, it first discussed the subject of wills made in pursuance of binding agreements and stated that the nonfulfillment by the mother of her agreement with her husband "would be a fraud which equity would not allow. Therefore it will decree the performance of the agreement upon Ann Carmichael, or take such steps as shall be necessary to prevent her from violating her part of the contract in fraud of the rights of these complainants. The complainants are not proceeding in this suit as heirs at law of Charles Carmichael, Sr., but as parties having a vested interest in this real estate under the contract of their father and mother, which agreement, having been fully performed by the father, will be enforced against the mother." The court therefore held that the relief prayed for should be granted and that the conveyance should be annulled.

From the language above quoted it is clear that the court regarded as immaterial the fact that the conveyance was procured by fraud, since the mother had no right to make the conveyance, anyway.

Therefore we are convinced that we were fully justified in citing this case as being in support of the equitable doctrine above stated. The other two cases, above referred to, clearly support that doctrine and need no explanation. In the opinions in both of them the *Carmichael* case is cited and discussed as being in support of that doctrine. Nor do

we find any good reason for changing any of the conclusions of fact or law which we previously stated and upon which we found the complainant to be entitled to the relief set forth in our opinion filed July 20, 1939.

The motion for a reargument is therefore denied.

*Cunningham, Semonoff & Kelly, Judah C. Semonoff,* for complainants.

. *Arabian, Gonnella & Barad, Aram A. Arabian,* for respondents.